1

2

3

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5

6

7

8

9

10

11

12

| | |
|---|---|
| SIERRA RECYLCING & DEMOLITION, INC.,<br><br>     **Plaintiff,**<br><br>v.<br><br>CHARTIS SPECIALTY INSURANCE COMPANY f/k/a AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY and DOES 1 to 10, Inclusive,<br><br>     **Defendants.** | 1:11-cv-00500-AWI-MJS<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>(DOC. 14, 18) |

13

14

### I.     INTRODUCTION

15

16

17

18

19

20

    This case arises from an insurance coverage dispute between an insurer, Defendant Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("Defendant"), and its insured, Plaintiff Sierra Recycling & Demolition, Inc. ("Plaintiff").  Before the Court are Plaintiff's and Defendant's cross-motions for summary judgment.  For the reasons set forth below, Plaintiff's motion will be granted and Defendant's motion will be denied.

21

### II.     FACTUAL BACKGROUND

22

23

24

25

26

    Defendant issued policy number EG 2670189 ("Policy") to Plaintiff for the period June 1, 2009 to October 1, 2010.  Stip. Fact ("SF") ¶ 1, Joint Scheduling Report, ECF No. 10.  Plaintiff is identified as an insured under Endorsement 5.  Def.'s Statement of Undisputed Facts ("DUF") ¶ 10, ECF No. 15.  Plaintiff timely paid a premium of $69,817.  SF ¶ 3.

27

    Coverage E-3 of the Policy provides:

28

1
2

> We will pay those sums that the insured becomes legally obligated to pay as loss because of bodily injury, property damage or environmental damage resulting from pollution conditions caused by your work.

3

DUF ¶ 2.  Exclusion u provides:

4
5

> This insurance does not apply to . . .

6

> u.        Non-Owned Site Disposal

7
8

> Bodily injury, property damage or environmental damage arising from the final disposal of material and/or substances of any type (including but not limited to any waste) at any site or location which is not owned, leased or rented by you.

9

DUF ¶ 9.

10

C&C Properties, Inc. ("C&C") hired Plaintiff to transport construction debris from a

11
12

demolition site.  SF ¶ 4.  Plaintiff hauled the construction debris from the demolition site to

13

Metropolitan Recycling Center ("Metropolitan").  SF ¶ 5.  Plaintiff does not own, lease or rent

14

Metropolitan.  SF ¶ 6.  Prior to transportation, Plaintiff removed materials it deemed to be

15

hazardous from the debris.  SF ¶ 7.  Plaintiff transported approximately 300 tons of construction

16

debris to the Metropolitan facility.  SF ¶ 8.  Metropolitan is not a landfill site; all materials on its

17

site must be sold, recycled, or otherwise transferred to other facilities.  SF ¶ 9.  In December

18
19

2009, Metropolitan informed Plaintiff that a sample collected from the debris pile indicated

20

elevated levels of lead and zinc in the debris.  SF ¶ 10.  Metropolitan stated it believed the lead

21

and zinc came from the debris Plaintiff had disposed.  SF ¶ 11.

22

Plaintiff tendered the claim to Defendant on February 2, 2010.  SF ¶ 12.  Defendant

23

acknowledged the claim on February 4, 2010.  SF ¶ 13.  Defendant denied the claim on March 19,

24

2010.  SF ¶ 14.  Plaintiff requested reconsideration on April 8, 2010.  SF ¶ 15.  Defendant

25

reaffirmed the denial on July 30, 2010.  SF ¶ 16.  Plaintiff again requested reconsideration on

26

December 27, 2010.  SF ¶ 17.

27
28

**1**

**2**

**3**

**4**

**5**

**6**

**7**

On February 10, 2011, Plaintiff filed a Complaint against Defendant in the Superior Court of California, Kern County for (1) breach of contract and (2) breach of the duty of good faith and fair dealing.  Compl., ECF No. 2.  Defendant removed the Complaint to this Court on March 24, 2011.[1]  Not. Removal, ECF No. 2.  Plaintiff now moves for summary judgment on its claim for breach of contract.  P.'s Mot. Summ. J., ECF No. 18.  Defendant moves for summary judgment on both of Plaintiff's claims.  D.'s Mot. Summ. J., ECF No. 13.

**8**

### III.    LEGAL STANDARD

**9**

**10**

**11**

**12**

**13**

**14**

**15**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A fact is material if it could affect the outcome of the suit under the governing substantive law; "irrelevant" or "unnecessary" factual disputes are not considered.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotation marks omitted).  If the moving party would bear the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the non-moving party bears the burden of proof on an issue, the moving party can prevail by "merely pointing out that there is an absence of evidence" to support the non-

**26**

**27**

**28**

[1] Defendant did not timely remove the Complaint to this Court.  28 U.S.C. § 1446.  Whether removal is timely is an issue Plaintiff can raise or waive at its option.  *Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339, 344 (1913).  District courts do not have authority to remand *sua sponte* for defects in removal procedure, such as untimely removal.  *Kelton Arms Condo. Owners Ass'n Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

3

moving party's case.  *Id.*

If the moving party does not meet its burden, "[s]ummary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues."  *Henry v. Gill Indus.*, 983 F.2d 943, 950 (9ᵗʰ Cir. 1993).

If the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment."  *FTC v. Stefanchik*, 559 F.3d 924, 929 (9ᵗʰ Cir. 2009).  A non-movant "must show a genuine issue of fact by presenting *affirmative evidence* from which a jury could find in his favor."  *Id.*

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence.  *See Anderson*, 477 U.S. at 255.  Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* Only admissible evidence is considered in deciding a motion for summary judgment.  *Soremekun*, 509 F.3d at 984.  "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."  *Id.*

## IV.     DISCUSSION

### A.     Breach of Contract

Both Plaintiff and Defendant move for summary judgment on Plaintiff's claim for breach of contract.[2]  The gravamen of the parties' dispute is whether Exclusion u of the Policy bars

---

[2] The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damage to the plaintiff.  *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489, 49 Cal. Rptr. 3d 227 (2006).

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

Plaintiff's claim.  Defendant contends that Exclusion u unambiguously bars Plaintiff's claim

because Plaintiff's "final disposal" of the debris was at Metropolitan, a site Plaintiff did own not

own, lease or rent.  Defendant asserts that Exclusion u applies unambiguously to any site, not

only landfills, where the *insured* ultimately disposes its materials.  Plaintiff contends that

Exclusion u is ambiguous, not "conspicuous, plain, and clear."  Plaintiff argues that Exclusion u

does not bar Plaintiff's claim because "final disposal" is limited to the final disposal of material in

landfills, not the final disposal as to the insured.

### 1.      Principles of Insurance Policy Interpretation

Where the material facts are not disputed, interpretation of an insurance contract,

including the resolution of any ambiguity, is solely a question of law.  *State Farm Gen. Ins. Co. v.*

*Mintarsih*, 175 Cal. App. 4th 274, 283 (2009); *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198,

1204 (2004).

"'While insurance contracts have special features, they are still contracts to which the

ordinary rules of contractual interpretation apply.'"  *Haynes*, 32 Cal. 4th at 1204 (quoting *Palmer*

*v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999)).  Under statutory rules of contract

interpretation, the mutual intention of the parties at the time the contract is formed governs

interpretation.  *AIU Ins. Co. v. Superior Court of Santa Clara Cnty.*, 51 Cal. 3d 807, 821 (1990);

Cal. Civ. Code § 1636.  Such intent is to be ascertained solely from the written contract, if

possible. *AIU*, 51 Cal. 3d at 822; Cal. Civ. Code § 1639.  A contract must be construed as a

whole, "so as to give effect to every part, if reasonably practicable, each clause helping to

interpret the other."  Cal. Civ. Code § 1641.

"If contractual language is clear and explicit, it governs."  *Boghos v. Certain Underwriters*

*at Lloyd's of London*, 36 Cal. 4th 495, 501 (2005) (quoting *Bank of the West v. Superior Court of*

*Contra Costa Cnty.*, 2 Cal. 4th 1254, 1264 (1992)); Cal. Civ. Code § 1638.  The "clear and

1

2

3

4

5

explicit" meaning of contract provisions, "interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *AIU*, 51 Cal. 3d at 822.  If the meaning a layperson would ascribe to contract language is not ambiguous, that meaning applies.  *Id.*

6

7

8

9

10

11

12

13

If language is ambiguous or uncertain, it is interpreted in the sense in which the promisor (i.e., the insurer) believed, at the time of making it, that the promisee (i.e., the insured) understood it.  Cal. Civ. Code § 1649; *AIU,* 51 Cal. 3d at 822.  "This rule, as applied to a promise of coverage in an insurance policy, protects not the subjective beliefs of the insurer but, rather, 'the objectively reasonable expectations of the insured.'"  *Bank of the West*, 2 Cal. 4th at 1265.  In interpreting ambiguous language, the court must interpret the language in context, with regard to its intended function in the policy.  *Id*.

14

15

16

17

18

19

20

21

22

Only if the foregoing rules do not resolve an ambiguity, then the ambiguous language is construed against the insurer in favor of coverage. *Id; Boghos*, 36 Cal. 4th at 501; *AIU*, 51 Cal. 3d at 822.  This rule of construction against the insurer is especially applicable to exclusionary clauses, which must be "conspicuous, plain, and clear" to be enforceable.  2 B.E. Witkin, Summary of Cal. Law § 64 (10th ed 2005); *Haynes*, 32 Cal. 4th at 1204.  Exclusionary clauses must be "stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." *Haynes*, 32 Cal. 4th at 1204.  The burden is on the insurer to make coverage exclusions conspicuous, plain and clear.  *Id.*

23

### 2.    Whether Exclusion u is Ambiguous

24

25

26

27

28

The threshold question is whether Exclusion u is ambiguous as to the specific issue in this case. *See Bay Cities Paving & Grading v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 867-868 (1993).  Exclusion u states:

This insurance does not apply to . . .

6

1

      u.      Non-Owned Site Disposal

2

3

      Bodily injury, property damage or environmental damage arising from the final disposal of material and/or substances of any type (including but not limited to any waste) at any site or location which is not owned, leased or rented by you.

4

5

DUF ¶ 9.  The parties' dispute centers on the definition of "final disposal," which the Policy does

6

not define.  The fact that a term is not defined in an insurance policy, however, does not make it

7

ambiguous.  *Cnty. of San Diego v. Ace Prop. & Cas. Ins. Co.*, 37 Cal. 4th 406, 415 (2005).  "Nor

8

does '[d]isagreement concerning the meaning of a phrase'" make it ambiguous.  *Id.* (quoting

9

*Castro v. Fireman's Fund Am. Life Ins. Co.*, 206 Cal. App. 3d 1114, 1120) (1988)).

10

    "An insurance policy provision is ambiguous when it is capable of two or more

11

constructions both of which are reasonable."  *Bay Cities Paving & Grading*, 5 Cal. 4th at 867.

12

13

Courts will not adopt a "strained or absurd" interpretation to create an ambiguity where none

14

exists.  *Id.*  "[L]anguage in a contract must be construed in the context of that instrument as a

15

whole, and in the circumstances of that case, and cannot be found to be ambiguous in the

16

abstract."  *Bank of the West*, 2 Cal. 4th at 1265.  "The fact that a word or phrase isolated from its

17

context is susceptible of more than one meaning" does not make it ambiguous.  *Cnty. of San

18

*Diego v. Ace Prop. & Cas. Ins. Co.*, 37 Cal. 4th at 415 (quoting *Castro v. Fireman's Fund Am.

19

*Life Ins. Co.*, 206 Cal. App. 3d at 1120)).

20

    Plaintiff contends that Metropolitan is a recycling facility, not a landfill site, and all

21

22

materials on its site must be sold, recycled, or otherwise transferred to other facilities.  SF ¶ 9.

23

Plaintiff emphasizes the word "final" in "final disposal," asserting that the plain language in

24

Exclusion u excludes coverage of a materials' final disposal site, i.e., a landfill, not a processing

25

facility such as Metropolitan.  Plaintiff's construction is in line with the ordinary and popular

26

understanding of the term "final disposal," and is therefore reasonable.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant asserts that, interpreting the policy as a whole, Exclusion u was intended to exclude the *insured's* final relinquishment of debris or waste, whether landfill or otherwise, at any disposal site not owned, leased or rented by Plaintiff.  Defendant emphasizes the phrase "any site or location" in Exclusion "u."  The phrase "including but not limited to any waste" in Exclusion u also supports Defendant's interpretation, as it arguably would not have been necessary to include it if Exclusion u was intended to only cover landfills.  Defendant also asserts that if Plaintiff wanted policy coverage for non-owned locations, it could have scheduled coverage under Coverage D, which provides coverage for scheduled non-owned locations.  Defendant further contends that Plaintiff's interpretation of Exclusion u makes it moot, as waste could be moved infinitely, and there would never be a final disposal.  Taking the policy as a whole, Defendant's interpretation of Exclusion u is also reasonable.

Plaintiff and Defendant assert two different interpretations of Exclusion "u," both of which are reasonable.  Exclusion u is therefore ambiguous.  *See Bay Cities Paving & Grading*, 5 Cal. 4th at 867 ("An insurance policy provision is ambiguous when it is capable of two or more constructions both of which are reasonable.")

### 3.	Interpreting the Ambiguous Exclusion

Because Exclusion u is ambiguous, the Court must interpret it "in the sense in which the promisor believed, at the time of making it, that the promisee understood it."  Cal. Civ. Code § 1649.  This rule "protects not the subjective beliefs of the insurer but, rather, 'the objectively reasonable expectations of the insured.'"  *Bank of the West*, 2 Cal. 4th at 1265.  Neither party discusses Plaintiff's objectively reasonable expectations at the time the Policy was signed, but, as stated above, Plaintiff's interpretation of Exclusion "u" is reasonable.

Because application of the foregoing rule does not eliminate the ambiguity, ambiguous language is construed against the insurer.  *Id; Boghos*, 36 Cal. 4th at 501; *AIU*, 51 Cal. 3d at 822.

8

1

2

3

4

5

6

7

8

"Whereas coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured [citations], exclusionary clauses are interpreted narrowly against the insurer." *Reserve Ins. Co. v. Pisciotta*, 30 Cal. 3d 800, 807 (1982).  It is a fundamental principle that an insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear. *E.g., id.; Haynes*, 32 Cal. 4th at 1204.  "[T]o be enforceable, any provision that takes away or limits coverage reasonably expected by an insured must be "conspicuous, plain and clear." *Haynes*, 32 Cal. 4th at 1204.

9

10

11

12

Here, Exclusion u is sufficiently conspicuous.  The exclusions to Coverage E are listed separately under Section 2, which is bold and labeled "Exclusions."  Each exclusion, including Exclusion u, is listed separately and begins with a bold short title.

13

14

15

16

17

18

19

20

Defendant, however, has not met its burden of making Exclusion u plain and clear.  *See id.* ("The burden of making coverage exceptions and limitations conspicuous, plain and clear rests with the insurer.")  From the plain language of Exclusion u, it is neither plain nor clear whether Exclusion u is limited to Plaintiff's final disposal of materials, whether it includes disposal at non-owned landfills, or whether it would include a recycling processing facility such as Metropolitan.  Because Exclusion u is not plain and clear, it cannot preclude Plaintiff's claim. *See id.*

21

22

23

Plaintiff's motion for summary judgment is GRANTED as to the claim for breach of contract.  Defendant's motion for summary judgment is DENIED as to the claim for breach of contract.

24

**B.      Breach of Covenant of Good Faith and Fair Dealing**

25

26

Defendant also moves for summary judgment on Plaintiff's claim for breach of covenant of good faith and fair dealing.

27

28

"Under California law, all insurance contracts contain an implied covenant of good faith

and fair dealing which requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefit of the agreement." *Hanson By & Through Hanson v. Prudential Ins. Co. of Am.*, 783 F.2d 762, 766 (9th Cir. 1985).  An insurer may breach this covenant when it "refuses, without proper cause, to compensate its insured for a loss covered by the policy." *Id.*  A claim for breach of the implied covenant of good faith and fair dealing requires that: "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151, 271 Cal. Rptr. 246 (1990).

Defendant argues that because the Policy did not cover Plaintiff's claim, there was no breach of contract and therefore no breach of the covenant of good faith and fair dealing.  As discussed above, Exclusion u does not bar Plaintiff's claim and Plaintiff is entitled to summary judgment on its breach of contract claim.  Defendant's motion for summary judgment as to Plaintiff's claim for breach of the covenant of good faith and fair dealing must be DENIED.

## V.    CONCLUSION

IT IS HEREBY ORDERED that:

1.    Defendants' motion for summary judgment is DENIED; and

2.    Plaintiff's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated:   November 3, 2011                          _____
                                                  CHIEF UNITED STATES DISTRICT JUDGE

10